Jose **GONZALES**, et al., Plaintiffs,

v.

**SIMPLEXGRINNELL LP,** Defendant.

**No. C 11–0900 RS.**

United States District Court,
N.D. California,
San Francisco Division.

Feb. 12, 2013.

Brian F. Van Vleck, Farinaz Tojarieh, Van Vleck Turner & Zaller, Los Angeles, CA for Plaintiffs.

Carolyn Blecha Hall, Robert Allen Jones, Ogletree, Deakins, Nash, Smoak & Stewart, PC, San Francisco, CA, for Defendant.

## 464

### ORDER GRANTING MOTION TO CERTIFY CLASS

RICHARD SEEBORG, District Judge.

### I. INTRODUCTION

In this putative class action, plaintiffs contend that SimplexGrinnell violates California labor laws by effectively requiring its "Field Technicians" to drive company-supplied vehicles to and from work, but then declining to compensate them for the time they spend driving those vehicles at the beginning and end of the work day. Plaintiffs move to certify a class of "[a]ll current or former SimplexGrinnell field employees who were assigned a "decaled" or "labeled" vehicle between January 24, 2007, and the present." [1] SimplexGrinnell opposes class certification, arguing primarily that plaintiffs cannot show there is any uniform policy regarding travel time, and that therefore individual inquiries would be necessary to determine whether any class members might have viable claims for unpaid wages and overtime. While SimplexGrinnell may ultimately succeed in proving that it has no uniform policies or practices that would support liability to the class, the issues it raises are suitable for disposition on a class-wide basis, and the motion will therefore be granted.

### II. BACKGROUND

SimplexGrinnell designs, engineers and installs fire detection systems, fire alarms, sprinkler systems, integrated security systems and other products related to fire detection and suppression, throughout North America, for commercial establishments and government entities. It also sells inspection, testing, preventative maintenance, and installation services in conjunction with its products. SimplexGrinnell employs Field Technicians ("FTs") who install, inspect, test, service and maintain the company's products. The FTs are based in the company's district offices but do not perform work at those offices. Rather, the FTS perform work at SimplexGrinnell's customer loca-

tions. They stop by the district office on an as-needed basis, sometimes as infrequently as once a month, to pick up materials, plans, to drop off paperwork, or to attend periodic training sessions and other meetings.

SimplexGrinnell provides a company-owned vehicle to each field employee, with some exceptions such as trainees and helpers. FTs use the company-issued vehicles to travel to the first job site of the day, for travel to any additional job sites in the interim, and then from the last job site of the day. SimplexGrinnell contends FTs have the option of leaving their company-issued vehicle at the district office, and commuting to and from the district office in their own vehicles. Plaintiffs contend that under all the circumstances, FTs are effectively required to use the company vehicles in lieu of commuting privately to and from the district offices, do so for the company's benefit, and are sufficiently subject to the company's control during that travel time so as to give rise to a right to compensation under California law.

### III. LEGAL STANDARD

Plaintiff bears the burden of making a *prima facie* showing class certification is appropriate. *See In re Northern Dist. of Cal. Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 854 (9th Cir.1982); *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir.1975). Certification is only appropriate if a rigorous analysis indicates the prerequisites of Rule 23(a) have been satisfied. *See Hanon v. Dataproducts Corp.,* 976 F.2d 497, 509 (9th Cir.1992). That Rule provides a class action may proceed only where: (1) the class members are so numerous that joinder is impracticable; (2) common questions of law or fact exist; (3) the claims or defenses of the representative parties are typical of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Additionally, plaintiffs must satisfy Rule 23(b)(1), (2), or (3). Here, Lee contends the proposed class satisfies Rule 23(b)(3), which authorizes certification where "questions of

---

**1.** Plaintiffs' moving papers erroneously stated the start of the class period as January 24, 2011, despite the complaint's assertion of a class period commensurate with the statute of limitations.

The manifest error resulted in no cognizable prejudice to SimplexGrinnell and would not support denying the motion.

law or fact common to class members predominate" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

██ " ' "Although there is no explicit requirement concerning the class definition in FRCP 23, courts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed." ' " *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365, 376 (N.D.Cal.2010) (quoting *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679–80 (S.D.Cal.1999)). "An identifiable class exists if its members can be ascertained by reference to objective criteria, but not if membership is contingent on a prospective member's state of mind." *Schwartz*, 183 F.R.D. at 679–80. In other words, it must be administratively feasible to determine whether a particular person is a class member. *See id.* (citing *Davoll v. Webb*, 160 F.R.D. 142, 144 (D.Colo.1995)).

One recent Ninth Circuit decision held that "a district court *must* consider the merits if they overlap with the Rule 23(a) requirements," although that opinion does not proceed to set forth the practical extent to which district courts must make such an inquiry. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir.2011) (citing *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2553, 180 L.Ed.2d 374 (2011)); *see also Dukes*, 131 S.Ct. at 2551–52 (satisfaction of Rule 23 "frequently" entails "some overlap with the merits"). That said, it remains relatively clear an ultimate adjudication on the merits of plaintiffs' claims is inappropriate, and any inquiry into the merits must be strictly limited to evaluating plaintiffs' allegations to determine whether they satisfy Rule 23. *See Ellis*, 657 F.3d at 983 n. 8.

## IV. DISCUSSION

SimplexGrinnell's opposition to class certification rests almost exclusively on arguments that plaintiffs will be unable to *prove* the existence of uniform policies and circumstances giving rise to a right for class members to be compensated for travel time.[2]

SimplexGrinnell insists that under *Dukes* such inquiry into the merits of plaintiffs' allegations is appropriate at this stage of the proceedings. In *Dukes* the district court certified a class of some 1.5 million women employees of Wal–Mart, who allegedly had suffered sex discrimination in pay and promotion decisions made by individual store managers. Those store managers undisputedly had *discretion* in pay and promotion decisions. 131 S.Ct. at 2554. The Supreme Court found class certification inappropriate because, regardless of whether some or even most of the class members might have suffered discriminatory employment decisions, there was no "glue holding the alleged *reasons* for all those decisions together." *Id.* at 2552. Absent "significant proof" that Wal–Mart "operated under a general policy of discrimination," the plaintiffs could not establish the existence of any common question. *Id.* at 2556–57.

██ Here, while SimplexGrinnell has pointed to substantial hurdles plaintiffs will face in showing there to be uniform policies and practices regarding FTs use of company cars and compensation for travel time, the issue is significantly different than that presented in *Dukes*. There are no questions here as to whether individual managers acted with improper motive, as intent is not an element of plaintiffs' claims. This is, at core, primarily a legal dispute as to whether California law requires compensation for travel time under these general facts. If SimplexGrinnell is correct that plaintiffs will be unable to show the policies and practices they allege even exist, the claims will fail, on a class-wide basis.

Even if plaintiffs' characterization as to the uniformity of SimplexGrinnell's policies and practices is supported, the question will still remain as to whether California law requires compensation for travel time in such circumstances. In their briefing on this motion, the parties dispute whether *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 94 Cal.Rptr.2d 3, 995 P.2d 139 (2000) and *Rutti v. Lojack*

---

**2.** SimplexGrinnell does also briefly question the qualifications of plaintiffs' lead counsel to represent the class. The arguments SimplexGrinnell makes on that issue, however, are not persuasive and do not support denial of the motion.

*Corp., Inc.,* 596 F.3d 1046 (9th Cir.2010) on the one hand, or *Overton v. Walt Disney Co.,* 136 Cal.App.4th 263, 38 Cal.Rptr.3d 693 (2006) on the other hand, will govern the result on the merits of this case. In both *Morillion* and *Rutti* the facts were found to support a claim for travel time compensation; under the facts in *Overton* the employer was found not liable to pay such compensation. *Overton* and *Rutti* were both decided on summary judgment, *Morillion* on demurrer. None of the cases addressed class certification standards.[3] The dispute as to whether the facts here are more like those in *Morillion* and *Rutti,* or more akin to the circumstances of *Overton,* is one that can be resolved on a class-basis.

Plaintiffs have otherwise shown all of the prerequisites for class certification to be satisfied. Accordingly, the motion must be granted.

## V. CONCLUSION

Plaintiffs' motion for class certification is granted.

IT IS SO ORDERED.

---

**3.** In *Rutti,* plaintiffs' class certification motion and defendant's motion for summary judgment were before the trial court simultaneously. The court elected to decide the summary judgment motion first, which mooted the class certification question. 596 F.3d 1046.